IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES F. BROWN,

        Petitioner,

v.

MARC CLEMENTS,

        Respondent.

Case No. 15-cv-635-pp

**ORDER SCREENING PETITION AND REQUIRING RESPONSE**

On May 27, 2015, James Brown, representing himself, filed a petition pursuant to 28 U.S.C. §2254, asserting that his state convictions and sentences violated the Constitution. Dkt. No. 1. The complaint alleges that the petitioner pled guilty to two counts of second degree sexual assault with the use of force, and that the Milwaukee County Circuit Court entered a judgment of conviction. Id. at 2. The court sentenced the petitioner to fourteen years of confinement and ten years of extended supervision. Id. Currently, the petitioner is incarcerated at Dodge Correctional Institution. Id. at 1. The petitioner paid his habeas filing fee on June 3, 2015.

The petition raises four claims. Dkt. No. 1 at 6-13. First, the petitioner argues that his trial attorney in Milwaukee County Circuit Court provided ineffective assistance of counsel in violation of the Sixth Amendment, because that attorney "[f]ailed to make a reasonable investigation before the negotiation of the plea agreement," "failed to challenged [sic] the statements made by the

1

state's witness," failed "to object at the sentencing hearing of the violation of the plea agreement," and failed "to object to the joinder of the two cases." Id. at 6-7. He details extensively what he believes his counsel should have done—investigate the backgrounds of certain of the state's witnesses, presented a recantation letter written by one of the witnesses, and objected to what the petitioner alleges were violations of the plea agreement that took place at his change-of-plea hearing. Id. at 8-10.

The petitioner next argues that his guilty pleas were not entered knowingly, intelligently or voluntarily, in violation of Brady v. United States, 297 U.S. 743, 747-48 (1970) and Boykin v. Alabama, 395 U.S. 238, 242 (1969). Dkt. No. 1 at 7-11. Specifically, he alleges that the judge did not make sure he understood what he was doing in pleading guilty, and that there is no written plea agreement in one of the cases. Id. at 11.

Third, the petitioner argues that his appellate attorney provided ineffective assistance of counsel in violation of the Sixth Amendment, because rather than filing an appeal, he filed a "no merit" report. The petitioner argues that there were two possible appellate claims that had merit—his ineffective assistance of counsel claim and his claim that the trial judge did not ascertain whether his pleas were knowing and voluntary. Id. at 12.

Finally, the petitioner asserts that "[t]he state attorney violated the plea agreement at the sentencing hearing." Id. at 13. He states no facts to support this claim; he merely states, "See ineffective trial counsel." Id.

In order to decide whether to allow this case to move forward, the court first must determine whether the petitioner appears, on the face of his complaint, to have exhausted his state remedies on these claims. Section 2254 states, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." The United States Court of Appeals for the Seventh Circuit has held that a district court judge cannot consider the merits of a petitioner's habeas argument "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Circ. 1991). This means, basically, that before a person can get a federal judge to review his arguments on a habeas petition, that person first must appeal the issue all the way up to the highest court in the state for a ruling on the merits. Lieberman v. Thomas, 505 F.3d 665, 669 (7th Cir. 2007) (citations omitted). When a federal judge reviews a petition and realizes that the petitioner has not exhausted his state-court remedies, the judge may either dismiss the case entirely, stay the federal case to let the petitioner go back to state court to exhaust his remedies, or allow the petitioner to amend his petition to remove the unexhausted claims. 28 U.S.C. §2254(b)(1)(A). See also Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir. 2001); Rose v. Lundy, 455 U.S. 509, 510 (1982); Rhines v. Weber, 544 U.S. 269, 278 (2005).

The petitioner alleges in his complaint that his sentence resulted from a guilty plea in two cases, 2011-CF-6113 and 2012-CF-2819. Dkt. No. 1 at 2. He

3

Case 2:15-cv-00635-PP   Filed 06/08/15   Page 3 of 9   Document 6

alleges that he appealed the four issues he raises here to the Wisconsin Court of Appeals on September 3, 2013, and that the court of appeals affirmed the Milwaukee County Circuit Court's rulings on September 8, 2014. Dkt. No. 1 at 3. (It is not clear how the petitioner's claim that his appellate attorney filed a no-merit report squares with his assertion in this petition that he appealed all of these issues, and more, to the court of appeals. For the time being, however, the court will accept his statement that he appealed the problems at the trial level to the appellate level.) He further alleges that on October 10, 2014, he filed a petition for review of all four of the issues with the Wisconsin Supreme Court, and that the Court denied that petition on January 12, 2015. Id.

Based on the assertions the petitioner makes on the face of his petition, it appears that he has exhausted his state remedies, and thus that this court can move on to the question of whether his claims are the type for which a federal court can grant habeas relief. The court notes, however, that it has not made a full review of whether the plaintiff properly exhausted all four claims, or whether he has procedurally defaulted on any of those claims; the respondent may raise objections to exhaustion or default in his pleadings.

The court now considers whether the petitioner has raised claims for which federal habeas relief might be available. Section 2254(a) allows a federal district court to consider the merits of a habeas petition when the petitioner claims "that he is in custody in violation of the Constitution or laws or treaties of the United States." Rule 4 of the Rules Governing §2254 Cases requires a

4

district court to "screen" a §2254 petition, to make sure the petition alleges a claim for which a federal court may grant habeas relief. That rule says:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

In "screening" a §2254 petition, the court tries to figure out whether the petitioner has laid out cognizable constitutional or federal law claims.

The petitioner's first and third claim—that he received ineffective assistance of counsel from both his trial attorney and his appellate counsel—are claims based on the Sixth Amendment to the Constitution. That amendment guarantees a defendant in a criminal trial the right to have "assistance of counsel for his defense;" to be meaningful, that assistance must be effective. *See* Strickland v. Washington, 466 U.S. 668 (1984). Thus, the court finds that the petitioner's first and third claims are claims for which a federal court could grant habeas relief.

The petitioner's second claim alleges violations of the due process clause's protection against guilty pleas that are not entered knowingly, voluntarily, or intelligently. Dkt. No. 1 at 7. Fed. R. Crim. P. 11(2) requires that a court ensure that a defendant's plea is "voluntary and did not result from force, threats, or promises (other than promises in a plea agreement). The Supreme Court has held that the question of whether a plea is knowing and voluntary implicates several constitutional rights, including the Fifth

5

Amendment right against self-incrimination (applicable to the states through the Fourteenth Amendment), the Sixth Amendment right to trial by jury, and the Sixth Amendment right to confront witnesses. <u>Boykin v. Alabama</u>, 395 U.S. 238, 243 (1969). The petitioner alleges that "the court failed to determine the extent of Brown's education and general comprehension, his understanding of the agreement." Dkt. No. 1 at 11. He further alleges that he pled guilty only to case no. 11-CF-6113 and that no record of a guilty plea exists for case no. 12-CF-2819. The court finds that this ground states a claim for which a federal court can provide habeas relief.

The petitioner's final claim states, "The state attorney violated the plea agreement at the sentencing hearing." Dkt. No. 1 at 13. It is more difficult to determine what it is the petitioner claims the district attorney did that violated his constitutional rights. He seems to argue, at pages 9-10 of his complaint, that because the district attorney stated particular details and opinions about the petitioner's offenses at the sentencing hearing, that the district attorney somehow went against its promise to recommend prison time but leave the particulars to the court.

The Seventh Circuit has held that because plea agreements are contracts, "The Government is obliged under the law of contracts to fulfill any promises it makes in exchange for the defendant's guilty plea." <u>U.S. v. Lezine</u>, 166 F.3d 895, 901 (7th Cir. 1999)(citation omitted). Further, the court has made clear that "breaches of plea agreements by the Government violate the defendant's constitutional rights and imperil 'the honor of the government,

6

public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government.'" Id., quoting United States v. Harvey, 791 F.2d 294, 300 (4th Cir. 1986). The constitutional base supporting the prosecution's need to abide by plea agreements is the Due Process Clause—the plea "must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be known." Mabry v. Johnson, 467 U.S. 504, 509 (1984), quoting Santobello v. New York, 404 U.S. 257, 262 (1971). "'[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'" Id.

Although the plaintiff's argument as to the violation of the plea agreement is not clear, and though the court makes no finding as to whether whatever facts the plaintiff alleges might actually have constituted a violation of a plea agreement, the court does find that the plaintiff's allegation is sufficient to allow him to proceed on a claim that the district attorney violated his constitutional rights by breaching the plea agreement at sentencing.

For the above reasons, the court **ORDERS** that the petitioner may proceed on all four grounds listed in his petition (the Sixth Amendment claims and the Due Process claims).

The court **ORDERS** that within sixty (60) days of the date of this order, the respondent shall **ANSWER OR OTHERWISE RESPOND** to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

7

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has **forty-five (45) days** after the respondent files his answer to file his brief in support of his petition;

(2) the respondent has **forty-five (45) days** after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has **thirty (30) days** after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within **forty-five (45) days** of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within **thirty (30) days** of the date the petitioner files the opposition brief.

Pursuant to Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed **thirty (30)** pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, the court will send a copy of the petition and this order to the Attorney General for the State of Wisconsin and to the Warden of Dodge Correctional Institution.

Dated at Milwaukee, this 8th day of June, 2015.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Court Judge**